## PETTY v. FISH.

(Supreme Court, Appellate Term.   March 16, 1900.)

WARRANTY—CONSTRUCTION.
> No particular words are necessary to constitute a warranty, and if an instrument contains an assertion by the seller of a fact relied on by the buyer it will be construed as a warranty, though it does not contain the word "warrant" or "guaranty."

Appeal from city court of New York, general term.

Action by John Petty against John Fish.   From a judgment of the general term of the city court of New York affirming a judgment of the trial term in favor of plaintiff (61 N. Y. Supp. 1127), defendant appeals.   Affirmed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

August P. Wagener, for appellant.
C. F. Goddard, for respondent.

PER CURIAM.   This is an appeal from a judgment of the general term of the city court affirming a judgment in favor of the plaintiff. Prior to March 1, 1893, the defendant and one William J. Howden were engaged in business as co-partners.   The plaintiff bought out the interest of the defendant in said co-partnership, and continued the business with Howden, the firm name being Howden & Petty. Plaintiff's agreement to purchase defendant's interest in the firm was embodied in a written instrument, which involved an express guaranty as to the cost price of the stock of goods on hand, and what is claimed to be a guaranty as to the amount of the liabilities of the firm. It is for the breach of these guaranties that the action is brought. We think that, although the agreement did not contain the word "warrant" or "guaranty" with reference to the debts, it was in fact, as to these debts, a guaranty that they did not exceed the sum stated in the agreement.   No particular phraseology is necessary to constitute a warranty, if it be an assertion upon which the vendee relies, and which is designed to be a positive assertion, and not the expression of an opinion.   Canning Co. v. Metzger, 118 N. Y. 265, 23 N. E. 372.   The other exceptions taken by appellant present no question requiring the reversal of the judgment.

Judgment and order affirmed, with costs.